IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

**FILED**

**March 20, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

ANITA GAYLE STAPLES and      )
GARLAND B. STAPLES,      )
     )
     Plaintiffs/Appellants,      )
     )
v.      )    NO. E1997-00033-SC-R11-CV
     )
CBL & ASSOCIATES, INC.,      )
PROFFITTS FOR WOMEN, INC.,      )
and ERMC LP, d/b/a/ RUSSELL      )
SECURITY SERVICES,      )
     )
     Defendants/Appellees.      )

# CONCURRING OPINION

I agree with the majority that, under the facts of this case, reasonable minds could differ as to the reasonableness of Ms. Staples' actions. Accordingly, I agree that the trial court's finding that Ms. Staples was at least 50% at fault should be reversed. I write separately to state my objection to the "duty" analysis employed in the majority opinion.

In McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891 (Tenn. 1996), this Court determined that owners of commercial property may be held liable for the criminal acts of third parties under certain circumstances. Id. at 899. ("We, therefore, join those courts which generally impose a duty upon businesses to take reasonable measures to protect their customers from foreseeable criminal attacks."). McClung held that "a duty to take reasonable steps to protect customers arises if the business knows, or has reason to know, either from what has been or should have been observed or from past experience, that criminal acts against its customers on its premises are reasonably foreseeable, either generally or at some particular time." Id. at 902. The majority reaffirms this analysis in the present case.

I fully agree with the majority that the question of whether one party owes a duty to another is a question to be determined by the trial court. This question requires the trial court to consider whether "such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others--or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." Coln v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998), quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 37, at 236 (5th ed. 1984).

I part company with the majority as to the scope of the inquiry the trial court must undertake in determining "duty." As Prosser and Keeton also observe, the question of whether there is a duty is most appropriate in "cases where the *only issue is . . . whether the defendant stands in any such relation to the plaintiff* as to create any legally recognized obligation of conduct for the plaintiff's benefit." Keeton, supra, § 42 at 274 (emphasis added). This question undoubtedly is the sole province of the trial court.

The balancing approach favored by the majority forces the trial court to weigh "the foreseeable probability and gravity of harm posed by defendant's conduct" against "the burden upon defendant to engage in alternative conduct that would have prevented the harm." The trial court makes this determination because it must decide if a "duty" exists as defined by the majority. In deciding the duty issue, the majority requires the trial court to consider:

> the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance of social value of the activity engaged in by defendant; the usefulness of the conduct to the defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative

2

usefulness of the safer conduct; and the relative safety of alternative conduct.

Staples v. CBL & Assoc., ___ S.W.3d ___ (Tenn. 2000); see also Coln, 966 S.W.2d at 39; McClung, 937 S.W.2d at 901; McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). A jury necessarily performs many of these functions in determining whether a party is negligent. Unless reasonable minds cannot differ, it is normally the function of the jury to determine whether a defendant's conduct created an unreasonable risk of harm to a plaintiff.

The balancing approach used by the majority, however, shifts that inquiry to the trial court in determining whether a duty exists. Determining whether a duty exists should not be confused with determining whether a breach of that duty has occurred. Coln, 966 S.W.2d at 47 (Holder, J. concurring). Determining whether a duty exists should not eclipse the jury's role in determining proximate or legal cause.

I would hold that a business owes a "duty" to its customers as a class of persons. The inquiry should then become: 1) whether that duty has been breached, i.e., whether the liability of the business extends to Ms. Staples under the circumstances of this case; and 2) whether any such breach of duty was a proximate or legal cause of Ms. Staples' injuries. I would hold that both of these inquiries are for the jury to determine. It is for the jury to determine what the business knew or had reason to know, either from "what has been or should have been observed or from past experience." It is for the jury to determine, after making those factual determinations, whether criminal acts against customers of the business were reasonably foreseeable.

3

Under the majority's analysis, the line between the trial court's function in determining duty and the jury's function in determining negligence has become unnecessarily blurred.

_____

JANICE M. HOLDER, JUSTICE